MISTY A. MURRAY (SBN 196870)
mmurray@mail.hinshawlaw.com
ADAM B. RUCKER (SBN 309516)
arucker@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:  213-680-2800
Facsimile:   213-614-7399

Attorneys for Defendants Metropolitan Life Insurance Company; Sutherland Global Services; The Sutherland Group Employee Benefit Plan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YETTA LEE,<br><br>             Plaintiff,<br><br>     vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; SUTHERLAND GLOBAL SERVICES; THE SUTHERLAND GROUP EMPLOYEE BENEFIT PLAN,<br><br>             Defendants. | Case No. 5:16-cv-01686 SVW (GJSx)<br><br>(Honorable Stephen V. Wilson)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  August 4, 2016 |

Defendants Metropolitan Life Insurance Company, Sutherland Global Services and The Sutherland Group Employee Benefit Plan (collectively "Defendants") for themselves and no others, in response to the allegations in Plaintiff Yetta Lee's ("Plaintiff") Complaint on file herein, admit, deny and allege as follows:

## JURISDICTION AND VENUE ALLEGATIONS

1. Referring to the allegations of paragraph 1, admitted for jurisdictional purposes only. Except as so admitted, Defendants deny each and every allegation therein.

2. Referring to the allegations of paragraph 2, Defendants admit, based upon information and belief, that during the relevant time period Plaintiff was an employee of Sutherland Global Services ("Sutherland"). Defendants are without sufficient information to admit or deny Plaintiff's current residence. Except as so specifically admitted, Defendants deny each and every allegation contained therein.

3. Referring to the allegations of paragraph 3, Defendants admit that MetLife is a corporation with its principal place of business in New York and that it is licensed and authorized to engage in the business of insurance in the State of California. MetLife further admits that it issued the group certificate(s) of disability insurance to Sutherland, which funded the disability benefits under The Sutherland Group Employee Benefit Plan (the "Plan"), and that it was the claims administrator for disability claims under the Plan during the relevant time period. Except as so specifically admitted, Defendants deny each and every allegation contained therein.

4.  Referring to the allegations of paragraph 4, Defendants admit that MetLife issued group certificate of insurance No. 101577-G to Sutherland, effective January 1, 2010, and further alleges that the certificate speaks for itself and not otherwise. Except as so specifically admitted and alleged, Defendants deny each and every allegation contained therein.

5.  Referring to the allegations of paragraph 5, MetLife admits that the group policy was in effect during all times relevant to Plaintiff's claim and further alleges that the group policy speaks for itself and not otherwise. Except as so specifically admitted and alleged, Defendants deny each and every allegation contained therein.

6.  Referring to the allegations of paragraph 6, Defendants admit that Sutherland established the Plan and that the Plan is an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C.§§ 1011 *et seq.*, that provides, among other things, disability benefits for its eligible employees. Defendants further admit that, during the relevant time period, and as a benefit of her employment, Plaintiff was a participant in the Plan and eligible for disability benefits, subject to the terms and conditions of the Plan. Defendants further admit that venue is proper in this district. Except as so specifically admitted, Defendants deny each and every allegation contained therein.

7.  Referring to the allegations of paragraph 7, admitted for venue purposes only. Except as so specifically admitted, Defendants deny each and every allegation contained therein.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36196345v1 0990037

## **FIRST CLAIM FOR RELIEF**
## **(28 U.S.C. § 1132(a)(1)(B))**

8. Referring to the allegations of paragraph 8, Defendants incorporate by reference all preceding paragraphs as though fully set forth herein.

9. Referring to the allegations of paragraph 9, admitted.

10. Referring to the allegations of paragraph 10, Defendants admit that Plaintiff submitted a claim for benefits claiming to be disabled as of May 23, 2013. Defendants further allege that MetLife determined that Plaintiff was entitled to long-term disability benefits under the terms of the Plan after the expiration of the elimination period and up through July 21, 2015. Defendants further allege that MetLife determined Plaintiff was no longer disabled or entitled to benefits under the terms of the Plan as of July 22, 2015. Except as so specifically admitted and alleged, Defendants deny each and every allegation contained therein.

11. Referring to the allegations of paragraph 11, Defendants admit that Plaintiff submitted a claim for benefits claiming to be disabled as of May 23, 2013. Defendants further allege that MetLife determined that Plaintiff was entitled to long-term disability benefits under the terms of the Plan after the expiration of the elimination period and up through July 21, 2015. Defendants further allege that MetLife determined Plaintiff was no longer disabled or entitled to benefits under the terms of the Plan as of July 22, 2015. Defendants further admit that Plaintiff appealed MetLife's determination and that MetLife upheld its determination by letter dated March 16, 2016, which letter speaks for itself and not otherwise. Except as so specifically admitted and alleged, Defendants deny each and every allegation contained therein, including subparagraphs (a) through (e).

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36196345v1 0990037

12. Referring to the allegations of paragraph 12, denied.

13. Referring to the allegations of paragraph 13, Defendants admit that Plaintiff has exhausted her administrative remedies under the Plan. Except as so specifically admitted, Defendants deny each and every allegation contained therein.

14. Referring to the allegations of paragraph 14, denied.

15. Referring to the allegations of paragraph 15, Defendants admit, based upon information and belief, that Plaintiff has retained the services of an attorney. Except as so specifically admitted, Defendants deny each and every allegation contained therein.

16. Referring to the allegations of paragraph 16, denied.

## GENERAL DENIALS

Defendants generally deny all allegations of the Complaint except for such allegations as are explicitly and specifically admitted above.

## RESPONSE TO REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint and/or in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants assert the following defenses. The denomination of any matter below as a defense is not an admission

that Defendants bear the burden of persuasion, burden of proof, or burden of producing evidence with respect to any such matter.

## FIRST DEFENSE
### (Failure to State a Claim for Relief)

1. As a first, separate defense to all claims for relief alleged in the Complaint, Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Offsets)

2. As a second, separate defense to all claims for relief alleged in the Complaint, Defendants allege that to the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan, such recovery is subject to offsets under the terms of the Plan, including but not limited to any overpayment of benefits made to Plaintiff and any work income and all other disability benefits paid or payable.

## THIRD DEFENSE
### (Non-Occurrence of Condition Precedent)

3. As a third, separate defense to all claims for relief alleged in the Complaint, Defendants allege that they acted in accordance with the terms of the Plan and that no conditions have occurred that would trigger liability for any loss allegedly suffered by Plaintiff.

## FOURTH DEFENSE

### (Failure to Perform)

4. As a fourth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff failed to meet or perform all necessary covenants, conditions and promises required by her to be performed in accordance with the terms and conditions of the Plan.

## FIFTH DEFENSE

### (Failure to Mitigate)

5. As a fifth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff has failed, refused and/or neglected to take reasonable, necessary or any steps whatsoever to mitigate any damages allegedly incurred as a result of MetLife's alleged conduct.

## SIXTH DEFENSE

### (Requirements for Attorneys' Fees Not Met)

6. As a sixth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff's claim does not meet the requirements for recovery of additional benefits as set forth in *Hummell v. Rykoff*, 634 F.2d 446 (9th Cir. 1980); therefore, Plaintiff is not entitled to recovery of attorneys' fees against Defendants.

## SEVENTH DEFENSE

### (Future Benefits Are Not Guaranteed)

7. As a seventh, separate defense to all claims for relief alleged in the Complaint, Defendants allege that to the extent (and without admitting that) Plaintiff was entitled to benefits as of the date of MetLife's determination that Plaintiff was not disabled under the terms of the Plan, such entitlement does not mean that

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36196345v1 0990037

Plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), and the effect of different Plan requirements, exclusions and/or limitations.

## EIGHTH DEFENSE
### (MetLife's Actions Were Reasonable)

8. As an eighth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that the determinations regarding Plaintiff's claim for benefits were neither arbitrary nor capricious, but rather were rational and reasonable, were made in good faith and were a lawful exercise of sound discretion.

## NINTH DEFENSE
### (MetLife's Actions Were in Accordance With the Plan)

9. As a ninth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that MetLife's determinations regarding Plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the Plan.

## TENTH DEFENSE
### (Waiver)

10. As a tenth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff has waived her right, if any, to the relief requested.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36196345v1 0990037

## ELEVENTH DEFENSE

### (Remand)

11.  As an eleventh, separate defense to all claims for relief alleged in the Complaint, Defendants allege that if the Court determines that MetLife materially erred in administering Plaintiff's claim for disability benefits under the terms of the Plan or applicable law, which is denied, the Court should remand the claim to MetLife for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

## TWELFTH DEFENSE

### (Alleged Liability Subject to Terms of Plan)

12.  As a twelfth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that any liability of MetLife, which is denied, is subject to the terms, conditions, limitations, endorsements, exclusions, and effective dates of the applicable Plan documents.

## THIRTEENTH DEFENSE

### (Estoppel)

13.  As a thirteenth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that it has fully performed its fiduciary duties under the Plan, and Plaintiff is estopped from asserting any cause of action against MetLife.

## FOURTEENTH DEFENSE

### (Remedies Limited by ERISA)

14.  As a fourteenth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff's remedies for any alleged act or

omission under the Plan are limited solely to those offered by ERISA, as Plaintiff's claim is governed by ERISA.

## FIFTEENTH DEFENSE

### (No Damages)

15. As a fifteenth, separate defense to all claims for relief alleged in the Complaint, Defendants allege that Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff be granted no relief in this action;
2. That Judgment be entered against Plaintiff and in favor of Defendants;
3. For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authorities and/or agreement of the parties; and
4. For such other and further relief as this Court may deem just and proper.

DATED: September 30, 2016　　　　　　　HINSHAW & CULBERTSON LLP

By: */s/ Misty A. Murray*
MISTY A. MURRAY
ADAM B. RUCKER
Attorneys for Defendants Metropolitan Life Insurance Company; Sutherland Global Services; The Sutherland Group Employee Benefit Plan